MANN, Judge.
The child of the original plaintiff in this action, brought under Section 768.03, Florida Statutes, F.S.A., was killed in an accident which took the life of the mother as well. After filing this suit the plaintiff died and his administrator moved for substitution under Section 46.021, Florida Statutes, F.S.A. The trial judge held that the action abated with the death of the surviving parent, and this appeal ensued.
The appellee contends that since the administrator’s motion was denied, there is no appellant, citing cases [1] saying that there must be an appellant and an appellee in order to have an appeal. Properly analyzed, these cases import nothing *61 more than that there must be a justiciable controversy, which there certainly is in this case. Justice would be denied were we to treat this hurdle as a barrier to our jurisdiction. Appellee’s logic would render such an order as entered in this case immune from appeal, a result certainly not in keeping with Section 5, Article V of our Constitution, F.S.A., which provides that “appeals * * * may be taken * * as a matter of right * * If the trial court had permitted substitution, the appellee might have made the administrator appellee. Of course, the appellant should have brought the appeal in the name of the administrator, since it was his motion for substitution which was denied in the order appealed from, but this is not fatal. In fact our rules countenance continuance of proceedings in the name of a deceased person where there is no personal representative. Rule 3.11, subd. e(1), F.A.R., 32 F.S.A. Also see Puleston v. Alderman, 1931, 148 Fla. 353, 4 So.2d 704. We alter the style of the case on our own motion to correspond with the reality, and there is now a living appellant.
We cannot conceive a situation in which a trial judge can, under our Constitution, render his final disposition of a case appealable or not according to which party succeeds there. We guarantee every litigant two days in court. The motion to dismiss is denied.
On the question whether the action abates, there is no Florida case directly in point and the other states are split. However, it has been held in the Third District that an action for punitive damages survives. Atlas Properties, Inc. v. Didich, Fla.App.1968, 213 So.2d 278. Abatement of the action would place a possible premium on delay. Survival of the action seems clearly consonant with Section 46.021, Florida Statutes, F.S.A., which says:
“No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted and defended in the name of the person prescribed by law.”
Mr. Justice Cardozo explained why a wrongful death action survives in Van Beeck v. Sabine Towing Co., 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685 (1937). We cannot explain our reversal of this case any more clearly, and it suffices to refer the interested reader to an annotation at 43 A.L.R.2d 1291 and to McDaniel v. Bullard, 34 Ill.2d 487, 216 N.E.2d 140 (1966), in which the Supreme Court of Illinois expressly overrules Wilcox v. Bierd, 330 Ill. 571, 162 N.E. 170 (1928) in favor of the view we here adopt.
Reversed and remanded.
PIERCE, A. C. J., and McNULTY, J., concur.

. Brooks v. Miami Bank & Trust Co., 1934, 115 Fla. 141, 155 So. 157; Bagley v. State, Fla.App.1960, 122 So.2d 789, 83 A.L.R.2d 860; Forcum v. Symmes, 101 Fla. 1266, 133 So. 88; Sarasota-Fruitville Drainage District v. Certain Lands, Fla.1955, 80 So.2d 335; and King v. Brown, Fla.1951, 55 So.2d 187.